# Exhibit 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL SESSA,

  *Plaintiff,*

v.

ABLETO, INC.,

  *Defendant.*

Case No. 8:23-cv-02219

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between and among the following parties, by and through their respective counsel: Plaintiff Michael Sessa ("Plaintiff" or "Class Representative"), on behalf of himself and the Settlement Class, and Defendant AbleTo, Inc. ("Defendant" or "AbleTo"). Plaintiff and Defendant will sometimes be referred to together as the "Parties," or, individually, as a "Party."

WHEREAS, Plaintiff filed his Class Action Complaint (the "Complaint") on behalf of himself and putative classes in the action entitled *Sessa v. AbleTo, Inc.*, U.S.D.C. Middle District of Florida, No. 8:23-cv-02219-TPB-CPT (the "Action"), which assert claims under the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 and the Florida Telephone Solicitation Act ("FTSA") Fla. Stat. § 501.059;

WHEREAS, Plaintiff alleges that he and members of the Settlement Class received prerecorded voicemails from Defendant without prior express consent or prior express written consent, which he alleges harmed him and the Settlement Class (the "Allegations");

WHEREAS, Plaintiff alleges that, as a result of the Allegations, Plaintiff and other similarly situated individuals are entitled to statutory damages, attorneys' fees, and costs;

1

WHEREAS, Defendant denies any and all liability or wrongdoing to Plaintiff and to the Settlement Class;

WHEREAS, on January 17, 2025 Plaintiff filed a motion for class certification, through which he requests that the court certify his proposed classes, and Defendant opposed that motion;

WHEREAS, on February 13, 2025 the Parties filed cross motions for summary judgment, each of which were opposed by the other Party;

WHEREAS, on March 20, 2025 and May 15, 2025, with the assistance of mediator Rodney A. Max of Upchurch Watson White & Max, the Parties and their counsel met in Miami, Florida and engaged in intensive arm's-length negotiations during two separate all-day mediations in an attempt to resolve the Action with a view toward achieving substantial benefits for the Settlement Class as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice and indeed did reach an agreement in principle to resolve the Action;

WHEREAS, for settlement purposes only, Plaintiff requests that the Court certify the Settlement Class and appoint him as Class Representative and his lawyers—The Consumer Protection Firm and Kazerouni Law Group, APC—as Class Counsel in this case;

WHEREAS, based on their investigation and discovery in the Action and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Class;

WHEREAS, Plaintiff, on behalf of himself and as the representative of the Settlement Class, and Defendant desire to resolve the dispute between them;

WHEREAS, Plaintiff, on behalf of himself and as the representative of the Settlement Class, and Defendant will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation;

2

WHEREAS, Defendant has concluded that further litigation could be protracted and expensive, has taken into account the uncertainty and risks inherent in the Action, and has determined that it is desirable that the Action and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein; and

WHEREAS, the Parties understand, acknowledge and agree that this Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Action shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions in this Agreement, subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I. **DEFINITIONS**

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.    "Administrator" means American Legal Claim Services, LLC ("ALCS"), which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class

3

Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

B.      "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto.

C.      "Attorneys' Fees and Expenses" means the total recovery that may be awarded to Class Counsel to compensate them for all attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs) incurred by Plaintiff or Class Counsel in connection with the Action.

D.      "Claim" means a request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator.

E.      "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked or filed through the Settlement Website, which shall occur no later than 120 days after entry of the Preliminary Approval Order. All Claims postmarked or filed through the Settlement Website on or before the Claim Deadline shall be timely, and all Claims postmarked or filed through the Settlement Website after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

F.      "Claim Form" means the form attached as Exhibit A to this Agreement and/or as ultimately approved by the Court.

4

G.      "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits a valid and timely Claim.

H.      "Claim Settlement Payment" means the payment to be made to Settlement Class Members who submit properly completed and timely Claim Forms to the Administrator, and who qualify for such relief under this Agreement.

I.      "Class Counsel" means: (a) Billy Howard of The Consumer Protection Firm, 401 Tampa East Jackson Street Suite 2340, Truist Building, Tampa, Florida 33602 and Abbas Kazerounian and Ryan L. McBride of Kazerouni Law Group, APC, 245 Fischer Ave Suite D1, Costa Mesa, CA 92626.

J.      "Class Notice" means the program of notice described in Section III(B) of this Agreement to be provided to Settlement Class Members, which will notify Settlement Class Members about the details of the Settlement.

K.      "Class Notice Date" means the last date on which Class Notice can be disseminated, which shall be set by the Court in the Preliminary Approval Order as approximately 60 days after entry of the Preliminary Approval Order.

L.      "Class Period" means the time-period from September 29, 2019 through the date of preliminary approval of the Parties' class action settlement.

M.      "Counsel for AbleTo" or "Counsel for Defendant" means: Carolyn A. DeLone and Victoria Glover, Hogan Lovells US LLP, 555 Thirteenth Street NW, Washington, DC 20004.

N.      "Court" means the U.S. District Court for the Middle District of Florida.

O.      "Days" means calendar days, except that, when computing any period of time under this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time under this

5

Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

P.      "Effective Date" means 5 days after the last of the following dates: (i) the entry of a Final Approval Order by the Court; and (ii) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appeals period.

Q.      "E-mail Notice" means the notice that is sent by e-mail by the Administrator to Settlement Class Members, in substantially the form attached as Exhibit B to this Agreement.

R.      "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

S.      "Final Approval Order" means the order and judgment to be entered by the Court, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement. If the Court enters separate orders addressing the matters contained herein, then the Final Approval Order includes all such orders.

T.      "Long-Form Notice" means the notice that is made available on the Settlement Website and upon request from the Administrator, in substantially the form attached as Exhibit C to this Agreement.

U.      "Mail Notice" means the postcard notice that is mailed by the Administrator to Settlement Class Members, in substantially the form attached as Exhibit D to this Agreement.

V. "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for AbleTo of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining e-mail or mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

W. "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to object to the Settlement. The Objection Deadline shall be no later than 120 days after entry of the Preliminary Approval Order.

X. "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Administrator) for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than 120 days after entry of the Preliminary Approval Order.

Y. "Preliminary Approval Order" means an order to be entered by the Court certifying the Settlement Class and granting preliminary approval to the Settlement, substantially in the form attached hereto as Exhibit E.

Z. "Released Claims" means all claims to be released as set forth in Section V of this Agreement.

AA. "Released Parties" means AbleTo and each of AbleTo's affiliates, agents, employees, subsidiaries, predecessors, successors, parents, co-venturers, divisions, and joint

7

ventures, as well as each of those entities' or persons' past or present owners, investors, directors, officers, employees, partners, managers, members, principals, shareholders, associates, personal or legal representatives, volunteers, performers, co-marketers, and licensors.

BB.    "Releasing Parties" means: (a) Plaintiff, and any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns of each of them, and any other representatives of any of the foregoing persons; (b) Settlement Class Members who do not timely opt out of the Settlement Class; (c) to the extent that a Settlement Class Member is not an individual, all of its present, former, and future predecessors, successors, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, directors, officers, partners, principals, members, shareholders, of any of the foregoing persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, partners, successors, predecessors and any other representatives of any of the foregoing persons.

CC.    "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class.

DD.    "Settlement" means the settlement set forth in this Agreement.

EE.    "Settlement Class" means all members of the class of persons in the Action that will be certified by the Court for settlement purposes as follows:

> All current or former Aetna members within the United States who, within the four years prior to the filing of the Complaint through to the date of preliminary approval of the parties' class action settlement, received a prerecorded voicemail from Defendant on their cellular telephone.

8

Excluded from the Settlement Class are: (i) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of AbleTo or of any affiliate or parent of AbleTo; (3) Plaintiff's counsel and their employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Class.

FF.    "Settlement Class Claimant" means any Settlement Class Member who submits a Claim in accordance with this Agreement.

GG.    "Settlement Class Data" means data relating to approximately 1,373,344 persons who, according to AbleTo's records, may be Settlement Class Members. The Settlement Class Data shall be treated as Confidential Information, as outlined in Section VII (AA).

HH.    "Settlement Class Member(s)" means any member of the Settlement Class.

II.    "Settlement Class Payment List" means the list of all Settlement Class Members who filed a Claim; whether the Claim was rejected or accepted, and, if rejected, the reason it was rejected; the address to which the Claim Settlement Check shall be sent; and the total amount of Claim Settlement Payments to be made.

JJ.    "Settlement Award" means the total amount of twenty-three dollars ($23.00) paid to each Settlement Class Member who submits a timely, valid claim.

KK.    "Settlement Website" means the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

## II.    SETTLEMENT TERMS

### A.    Settlement Conditioned Upon Approval

The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court. Class Counsel shall submit the Agreement together with its Exhibits to the Court and request that the Court grant preliminary

9

approval of the Settlement, issue a Preliminary Approval Order, and schedule a hearing on whether the Settlement should be granted final approval (collectively, "Motion for Preliminary Approval"). In the Motion for Preliminary Approval, Class Counsel shall request that the Court schedule a Final Approval Hearing for a date approximately 150 days from entry of the Preliminary Approval Order. The date the Motion for Preliminary Approval is filed is the date by which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715.

If the Motion for Preliminary Approval is granted, at least 15 days prior to the Final Approval Hearing, Class Counsel shall be responsible for requesting and seeking to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(i)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii)    approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Releasing Parties;

(iii)   find that the notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv)    grant judgment (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement; incorporate the releases set forth in Section V, make those releases effective as of the date of the Final Approval Order and Judgment; and

(v)     forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members from filing, commencing,

10

prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, the Parties will return, without prejudice, to the status quo ante as if no Settlement had been negotiated or entered into and this Term Sheet, the Settlement and their existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action or for any other purpose. Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court to reduce any Fee Award to Class Counsel shall not prevent the Agreement from becoming effective, prevent Final Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

AbleTo denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Action, as well as all class action allegations asserted in the Action. AbleTo has agreed to resolve the Action through this Agreement, but if this Agreement is deemed void or Final Approval does not occur, AbleTo does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges. The Class Representative and Class Counsel agree that AbleTo retains and reserves all of these rights and agree not to take a position to the contrary.

**B.    Settlement Class Relief**

     **1.    Claim Settlement Payments to Settlement Class**

In consideration for the Releases set forth in Section V of this Agreement, AbleTo shall provide the following relief:

11

Settlement Class Members must submit a timely, valid, and verified Claim Form, by the Claim Deadline in the manner required by this Agreement, to receive a Claim Settlement Payment from the Settlement Award. Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims, including, but not limited to, verifying claims with information provided by Defendant where feasible and requiring a unique identifier in connection with all claims. Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Payment by the Administrator in the amount of Twenty-Three Dollars and Zero Cents ($23.00). Claim Settlement Payment shall be mailed or transmitted by the Settlement Administrator within 21 days after the Effective Date.

For Class Settlement Members who elect a Claim Settlement Check, the Settlement Administrator shall mail, by first class mail, a Claim Settlement Check to each eligible Settlement Class Member receiving a Settlement Award. The Settlement Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs. Checks will be valid for one hundred and 180 days from the date on the check. For Class Settlement Members who elect for digital payment, the Settlement Class Member will be presented with a payment menu on the Settlement Website and will enter the necessary information to receive such payment.

Except as provided in this Section, AbleTo shall have no obligation to make any other or further payments to Plaintiff or to any Settlement Class Member.

C.      **Settlement Approval**

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion

12

shall seek entry of a Preliminary Approval Order. Papers in support of Final Approval, Attorneys' Fees and Expenses, shall be filed 15 days prior to the Final Approval Hearing.

### D.    Attorneys' Fees and Expenses

#### 1.    Attorneys' Fees and Expenses

Class Counsel will request, and AbleTo will not oppose, an award of Attorneys' Fees and Expenses not to exceed One Million Six Hundred Twenty-Five Thousand Dollars ($1,625,000.00). Class Counsel may receive payment of the fees and costs awarded by the Court within 30 days following the Effective Date, provided that Class Counsel has executed and sent a Form W-9 to the Settlement Administrator and Counsel for AbleTo.

Court approval of Attorneys' Fees and Expenses, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time. In the event the Court approves the Settlement, but declines to award Attorneys' Fees and Expenses in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and the Settlement Class Members.

AbleTo shall have no liability to Class Counsel or any other person arising from any claim regarding the division of any award of Attorneys' Fees and Expenses between and among Class Counsel or any other counsel who may claim entitlement to any portion of the Attorneys' Fees and Expenses. The Court shall retain jurisdiction of any dispute regarding the Attorneys' Fees and Expenses and any repayment of any amount of the Attorneys' Fees and Expenses.

## III.    CLAIMS ADMINISTRATION

### A.    Administrator

The Parties have agreed on ALCS as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as

13

necessary, the implementation and effectuation of Class Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide Notice to the Settlement Class, as provided in this Agreement. The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.

Class Counsel, AbleTo, and the Settlement Administrator have agreed that the full cost of administration, including all costs of administration, shall be capped at Five Hundred Thirty-Five Thousand Dollars and Zero Cents ($535,000.00). All Notice and Administrative Costs shall be paid by AbleTo.

The Administrator will invoice AbleTo directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will bill AbleTo monthly for incurred fees and expenses thereafter. The Administrator will complete and provide to AbleTo any W9 forms necessary for AbleTo to pay for the Notice and Administrative Costs.

**B.**    **Notice**

**1.**    **Settlement Class Data**

Within 10 days after entry of the Preliminary Approval Order, AbleTo—if it has not already done so—will provide to the Administrator the Settlement Class Data in electronic format.

14

Using the Settlement Class Data, the Administrator will determine the e-mail addresses and mailing addresses of the Settlement Class Members, to the extent not otherwise provided.

### 2.    Direct Notice

By the Class Notice Date, the Administrator shall provide individual notice (the "Direct Notice") as follows. Notice shall first be sent by e-mail to all persons in the Settlement Class who may reasonably be identified and as to whom AbleTo has an e-mail address or to e-mail addresses of persons that the Administrator was able to identify after a reverse look-up. E-mails sent shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether e-mails have been delivered and/or opened. E-mails shall have a hyperlink that class member recipients may click and be taken to a landing page on the Settlement Website. Each class member will be provided a unique class member identifier on the notice which will be used to access the claim form.

For persons in the Settlement Class for which e-mail is not available, AbleTo will first determine whether it has a mailing address associated with the telephone number, and the Settlement Administrator will send postcard notice to those persons. For those persons for whom AbleTo has not located a mailing address, the Settlement Administrator will conduct a reverse lookup to determine the person's mailing address and will send postcard notice to those persons.

### 3.    Settlement Website

By the Class Notice Date, the Administrator shall establish and maintain the Settlement Website, using a URL selected by AbleTo and subject to approval by Class Counsel, dedicated to the Settlement, on which will be posted the Direct Notice and Claim Form as well as the operative complaint, complete Settlement Agreement and Preliminary Approval Order (the "Settlement Website"). The Direct Notice shall direct recipients to the Settlement Website. The Settlement Website will provide for online submission of Claim Forms. The Settlement Website may not

15

include any of AbleTo's logos or trademarks. AbleTo will not display ads or otherwise make any reference to this Settlement on any of its or its affiliates' websites. The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator 30 days after either (a) the Effective Date or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full, if the Settlement is terminated or otherwise not approved in full.

### 4. Toll-Free Settlement Hotline

By the Class Notice Date, the Administrator shall establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement related inquiries, to answer the questions of persons who call with or otherwise communicate such inquiries (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice).

### 5. CAFA Notice

AbleTo or the Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). AbleTo or the Administrator will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

### C. Claim Filing, Review, and Approval Process

### 1. Claim Form

To submit a valid Claim, Settlement Class Members must correctly provide all the information and documentation required by the Claim Form.

The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following documentation and information, and affirm that the documents and information provided are true and accurate under penalty of perjury: (i) the Settlement Class

Member's full name, address, and other information, as necessary, to allow the Settlement Administrator to contact the Settlement Class Member to validate the Claim, if necessary; (ii) the telephone number at which AbleTo allegedly contacted the Settlement Class Member; (iii) affirmation, under penalty of perjury, that the Settlement Class Member is or was an Aetna health plan member who received one or more prerecorded voicemails from AbleTo to the Settlement Class Member's cellular telephone on or after September 29, 2019, through the date of preliminary approval, of the Parties' class action settlement and the Settlement Class Member did not give prior express consent to be called; and (iv) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature.

Only one valid Claim Form will be honored per Settlement Class Member, regardless of the number of calls or voicemails the Settlement Class Member received. AbleTo shall have the right to review and research the submitted Claim Forms and to suggest denial of claims if AbleTo has a good faith belief that such claims are improper or fraudulent. Any suggestion of denial of claims shall be provided to Class Counsel in writing. If the Parties cannot agree upon which claims should be denied then they shall submit the issue to the Court for determination at final approval.

### 2.    Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment in one of two ways: (i) by sending by U.S. mail a written and fully and accurately completed Claim Form, on a date no later than the Claim Deadline; or (ii) by filing a written and fully and accurately completed Claim Form online at www.AbleToTCPAsettlement.com no later than the Claim Deadline.

When a Settlement Class Member files a claim online, they will be given the option to choose between check payment or digital payment. For those who elect for digital payment, the

17

Settlement Class Member will be presented with a payment menu and will enter the necessary information to receive such payment.

Any Settlement Class Member who does not submit an accurate and fully completed Claim Form by the Claim Deadline shall be deemed to have waived any Claim and any such Claim will be rejected.

### 3.    Invalid Claims

Any Settlement Class Member who fails to submit a timely, accurate, and fully completed, valid Claim Form, executed under penalty of perjury, shall not be entitled to receive a Settlement Claim Payment, but shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4.    Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Claimant is a member of the Settlement Class. All such Claim criteria shall be strictly enforced. Any Settlement Class Claimant's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and AbleTo shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim. The Administrator shall not receive any incentive for denying claims.

The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions. No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or

18

waiver by AbleTo as to any matter of fact, law, or evidence having any collateral effect on any claim hereunder or in any other proceeding or before any other forum or authority. Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

### 5.    Settlement Class Payment List

At least 15 days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for AbleTo with the Settlement Class Payment List.

### D.    <u>Opt-Out Rights</u>

### 1.    Opt-Out Requirements

A Settlement Class Member who wishes to opt-out of the Settlement Class must do so in writing. To opt-out, a Settlement Class Member must complete and send to Class Counsel (or the Administrator), at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the telephone number at which the person received a prerecorded voicemail from AbleTo; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as: "I hereby request that I be excluded from the proposed Settlement Class in *Sessa v. AbleTo Inc.*, U.S.D.C. Middle District of Florida, No. 8:23-cv-02219-TPB-CPT."

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments, including the Final Approval Order.

A Settlement Class Member who desires to opt-out must take timely affirmative written action in accordance with this Section, even if the Settlement Class Member desiring to opt-out (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

### 2. Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 3. List of Requests for Exclusion

The Settlement Administrator will retain a copy of all requests for exclusion and will provide copies of any such requests to counsel for the Parties on a weekly basis. Class Counsel will keep any such Opt-Out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out. At least 15 days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for AbleTo with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 4. Right To Terminate Based on Volume of Opt-Outs

If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds 1,500, AbleTo shall have the right to terminate this Agreement.

### 5. All Settlement Class Members Bound By Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

20

Any person in the Settlement Class who submits a Request for Exclusion may not file an objection to the Settlement.

### E.   Objections

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

#### 1.   Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for AbleTo (at the addresses identified in Sections I(I) and I(N)), no later than the Objection Deadline.

#### 2.   Requirements

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include:

a. the name of the Action;

b. the objector's full name, address, and telephone number;

c. an explanation of the basis on which the objector claims to be a Settlement Class Member;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e. the number of times in which the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related

21

to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.  a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.  any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.  the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final

22

Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

### 3. Appearance

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for AbleTo by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their counsel's contact information; (c) the telephone number where he or she received a prerecorded voicemail from AbleTo; and (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action. By filing an objection,

23

objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

### 4.    Right to Respond to Objections

Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than 7 days prior to the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by email or overnight delivery, to the objector (or counsel for the objector).

### 5.    Discovery From Settlement Class Members Who Object To The Settlement

The Parties shall have the right to take discovery from any Settlement Class Member who objects to the Settlement without further leave of court. If the Settlement Class Member who objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

### F.    Distribution of Settlement Awards

### 1.    Settlement Award Payments

Claim Settlement Payments shall either be mailed or digitally processed by the Settlement Administrator within 21 days after the "Effective Date," which will occur 5 days after the last of the following dates: (i) the entry of a Final Approval Order by the Court; and (ii) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appeals period.

For Settlement Class Members who elect to receive a Claim Settlement Check, the Settlement Administrator shall mail, by first class mail, a check. The Settlement Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Administration Costs. Claim Settlement Checks will be valid for 180 days from the

24

date on the check and will state on their face that they will expire and become null and void unless cashed or redeemed within 180 days after the date of issuance. For Class Settlement Members who elect for digital payment, the Settlement Class Member will be presented with a payment menu and will enter the necessary information to receive such payment.

Settlement Class Members and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement. In no event will AbleTo or any Released Party have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Award to Settlement Class Member, Class Counsel, or any other person or entity. The Settlement Class Members shall indemnify and hold AbleTo and other Released Parties harmless for all such taxes and tax-related expenses.

### 2.      Redistribution of Uncashed Claim Settlement Checks

The amounts of any Claim Settlement Checks that remain uncashed more than 180 days after the date on the check will be redistributed on a pro rata basis to eligible Settlement Class Members who cashed their first check or elected for and received digital payment, where the residual amount of uncashed checks (net of anticipated administrative costs) is sufficient to pay each eligible recipient at least $5.75 (the "Redistribution"). Settlement Class Members who do not cash their initial checks shall not be eligible for any Redistribution. To the extent the residual amount of uncashed checks (net of anticipated administrative costs) is insufficient, the residual amount shall be distributed as part of the Cy Pres Distribution (defined below); no remaining funds shall revert to AbleTo or otherwise be paid to AbleTo.

### G.      Cy Pres Distribution

To the extent that monies remain from payments of Settlement Awards and Redistributions, such monies will be distributed to non-profit charitable organizations (the "Cy Pres Distribution").

25

The Cy Pres Distribution shall be made 240 days after completion of the distribution of Settlement Award payments or, if necessary, after all Redistributions have been exhausted, whichever is later. The Parties shall agree upon the proposed recipient(s) of the Cy Pres Distribution and shall submit a filing to the Court identifying such proposed recipient(s). The Cy Pres Distribution shall be made equally among the recipients designated by the Parties, subject to approval by the Court. If, for any reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to Court approval.

**H.    Termination of Agreement**

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court, within 180 days after the motion for preliminary approval is filed, fails or declines to grant Preliminary Approval in accordance with the terms of the Preliminary Approval Order; (2) the Court, within 360 days after granting Preliminary Approval in accordance with the terms of the Preliminary Approval Order, fails or declines to grant Final Approval in accordance with the terms of the Final Approval Order; (3) an appellate court vacates or reverses the Final Approval Order, unless such vacatur or reversal relates solely to the issue of Attorneys' Fees and Expenses; (4) the Effective Date does not occur for any reason; or (5) any condition described in this Agreement, including any Exhibits, as a basis for termination or cancellation occurs.

**I.    Retention of Records**

The Administrator shall retain all records relating to payment of claims under this Agreement for a period of 5 years from the Effective Date. Those records shall be maintained in accordance with this Agreement as Confidential Information.

## IV.   EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION

### C.   Exclusive Remedy; Permanent Injunction

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly opted out in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

### D.   Final Judgment and Dismissal of Claims

Upon entry of the Final Approval Order, the Action, or any subsequent Action(s) that were filed to effectuate the consolidation and settlement of the Action, the Court shall enter a final judgment dismissing with prejudice the Action as to Plaintiff and all Settlement Class Members.

### E.   Continuing Jurisdiction of Court

The Court shall retain exclusive and continuing jurisdiction over this Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## V.    **RELEASES**

Upon the Effective Date of this Agreement, Releasing Parties release and forever discharge the Released Parties from any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been asserted in the Complaint, the Action, or that relate to or arise from the Allegations, including any and all claims under the TCPA, the FCC's related regulations, the FTSA or any related state analogue (the "Released Claims") which have accrued on or before the date of preliminary approval of the Parties' class action settlement.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. Plaintiff and the Settlement Class Members understand and acknowledge the significance of the waiver of California Civil Code Section 1542 and/or any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the

28

Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## VI.    COVENANTS, REPRESENTATIONS, AND WARRANTIES

Plaintiff and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Plaintiff represents and warrants that: (a) he is the sole and exclusive owner of his own Released Claims; (b) he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties; (c) that he will not assign or otherwise transfer any interest in any of the Released Claims; and (d) that he has no surviving claim or cause of action against any of the Released Parties that is not being released by this Agreement.

## VII.    MISCELLANEOUS PROVISIONS

### A.    Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement. The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Settlement Class Members. Class Counsel recognize that they

29

have an obligation to support the Settlement and to seek the Court's approval of its terms. Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs. If the Court suggests any modifications to the Settlement Agreement or conditions entry of the Preliminary Approval Order, Final Approval Order, or Judgment on modifications to the Settlement, the Parties shall, working in good faith and consistent with the Settlement, endeavor to address any such concerns identified by the Court.

### B.    Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### C.    No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representatives, on behalf of themselves or the Settlement Class, against AbleTo. AbleTo expressly denies and disclaims any liability or wrongdoing. The existence, contents, and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by the Parties and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

**D.    Contractual Agreement**

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Parties that he or she represents.

**E.    Change of Time Periods**

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for AbleTo, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**F.    Integration**

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

**G.    Drafting**

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

31

**H.    Costs**

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

**I.    Modification or Amendment**

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

**J.    No Waiver**

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**K.    Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.

32

**L.**   **No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**M.**   **Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

**N.**   **Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs. The adequacy of the settlement and any determination regarding Attorneys' Fees and Expenses shall be governed by federal law.

**O.**   **Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**P.**   **Headings**

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**Q.    Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**R.    Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**S.    Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**T.    Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

**U.    No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim

34

or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

### V.    Stay/Bar of Proceedings

The Parties agree that all proceedings in the Action shall be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, such as confirmatory discovery. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Preliminary Approval Order shall include an injunction that no person in the Settlement Class and no person acting or purporting to act directly or on behalf of a person in the Settlement Class, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

### W.    Dispute Resolution

The Parties shall promptly negotiate in good faith the specific terms of the Settlement Agreement, the documentation of the Settlement and any other matters related to the Settlement. To the extent that the Parties or their counsel are unable to reach agreement as to the meaning of any term or provision of the Settlement Agreement that will be negotiated based on this Term Sheet, the Parties shall seek the assistance of Rodney A. Max or another agreed mediator to resolve the issue through mediation.

### X.    Evidentiary Preclusion

The Parties agree that neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (including, but not limited to, this Term Sheet): (i)

35

is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration or alternative dispute mechanism, or other tribunal. In addition, neither the fact of, nor any documents relating to, AbleTo's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

### Y.   Future Changes in Laws or Regulations

The Parties agree that to the extent Congress, the Federal Communications Commission or any other relevant regulatory authority promulgates different requirements under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control. However, the Parties agree that changes in law shall not provide any basis for any attempt to alter, modify or invalidate this Settlement.

### Z.   Publicity and Confidentiality

Neither the Parties nor their counsel will initiate or issue any press releases or public statements about the Settlement or the merits of any Parties' positions in the Action that references AbleTo by name as a Defendant or otherwise references UnitedHealth Group Incorporated, with the exception of neutrally-worded language consistent with that contained in the Class Notice or

36

the    Agreement,    including    on    Class    Counsel's    websites    at
https://www.theconsumerprotectionfirm.com/ and https://www.kazlg.com/, but not on social
media. Neither Class Counsel nor the parties will make statements of any kind to any third-party
regarding the Settlement prior to the filing of a motion for Preliminary Approval with the Court,
with the exception of the Administrator. The Parties may make public statements to the Court as
necessary to obtain Preliminary or Final Approval of the Settlement, and Class Counsel will not
be prohibited from communicating with any person in the Settlement Class regarding the Action
or the Settlement.  None of the foregoing is intended to limit the Parties' counsels' ability to
practice law, and to the extent there is any conflict with any rules of professional responsibility,
rules of professional responsibility govern.

### AA.    Confidential Information

All agreements made and orders entered during the course of the Litigation relating to the
confidentiality of information will survive this Agreement. It is agreed that, consistent with Section
6 of the Stipulated Protective Order entered in this Action, the originals and all copies of all
confidential documents and/or information subject to all confidentiality agreements and the
Stipulated Protective Order ("Confidential Information") shall be returned to the producing party
within 60 days after the Effective Date, unless the document has been offered into evidence or
filed without restriction as to disclosure. The Parties may agree in writing that certain Confidential
Information may be destroyed in lieu of being returned. Nothing in the Agreement shall require
attorney work product or pleading files to be returned or destroyed; however, any Party or attorney
retaining such work product or pleading files shall continue to treat such as Confidential
Information pursuant to the terms of the Stipulated Protected Order.

37

**BB.** **Notices**

All notices to counsel provided for herein shall be sent by email with a hard copy sent by overnight mail to the individuals and addresses identified in Sections I(I) and I(N)).

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: 08/08/25 _____    By: _____
Michael Sessa
*Plaintiff and Class Representative*

Dated: __August 8, 2025_____    By: _____
William Howard
Abbas Kazerounian
Ryan L. McBride
*Counsel for Plaintiff and the Settlement Class*

AbleTo, Inc.

Dated: __August 8, 2025___    By: _____
Samantha Barber
Senior Associate Litigation Counsel

Dated: _____    _____
Carolyn A. DeLone
By:    Victoria Glover
*Counsel for Defendant AbleTo, Inc.*

38

# Sessa J Michael - Settlement Agreement (Defendant Signed)

Final Audit Report                                           2025-08-08

| | |
|---|---|
| Created: | 2025-08-08 |
| By: | Brittany Taylor (brittany@theconsumerprotectionfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAbtilsg06ON2VbiYzu-ulAaGY7xpbkN8Z |

## "Sessa J Michael - Settlement Agreement (Defendant Signed)" History

- Document created by Brittany Taylor (brittany@theconsumerprotectionfirm.com)
  2025-08-08 - 6:06:43 PM GMT

- Document emailed to Michael Sessa (msessa2@gmail.com) for signature
  2025-08-08 - 6:06:49 PM GMT

- Email viewed by Michael Sessa (msessa2@gmail.com)
  2025-08-08 - 6:07:53 PM GMT

- Document e-signed by Michael Sessa (msessa2@gmail.com)
  Signature Date: 2025-08-08 - 10:18:17 PM GMT - Time Source: server

- Agreement completed.
  2025-08-08 - 10:18:17 PM GMT

**Adobe Acrobat Sign**