UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SESSA, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.                                      Case No.: 8:23-cv-2219-TPB-CPT

ABLETO, INC.,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on consideration of the report and recommendation of Christopher P. Tuite, United States Magistrate Judge, entered on January 7, 2026. (Doc. 132). Judge Tuite recommends that "Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law" (Doc. 130) be granted. No party has objected, and the time to object has expired. After review of the report and recommendation, the subject motion, and the attachments thereto, the Court **ADOPTS** the report and recommendation, **GRANTS** the motion and **ORDERS** as follows:

    1.    The Court has jurisdiction over the subject matter of the action and over all settling parties.

    2.    Based on the Court's review, the Court finds, on a preliminary basis that: (1) the settlement is fair, reasonable, and adequate, and within the range of possible

approval; (2) the settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following substantial discovery; (3) the form and method of notice of the settlement of the final fairness hearing is appropriate; and (4) the settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eleventh Circuit precedents. Accordingly, the Court preliminarily approves the settlement agreement in its entirety.

3.  Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies, for settlement purposes only, the following TCPA settlement class:

> All current or former Aetna members within the United States who, within the four years prior to the filing of the complaint through to the date of preliminary approval of the parties' class action settlement, received a prerecorded voicemail from Defendant on their cellular phone.
>
> Excluded from the settlement class are Defendant and any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant, or any parent, subsidiary or affiliate of Defendant, and the immediate family members of all such persons.

4.  The class period for the settlement class shall be defined as September 29, 2019, through the date of preliminary approval o the parties' class action settlement.

5.  In consideration for this settlement, cash settlement payments shall be made in the amount of $23.00 paid to each settlement class member who submits a timely, valid claim.

6.  Named Plaintiff Michael Sessa is appointed as the class representative.

7. William Howard, Abbas Kazarounian, and Ryan L. McBride are appointed as class counsel for the settlement class. The Court finds that counsel is competent and capable of exercising all responsibilities as class counsel.

8. The Court preliminarily appoints American Legal Claims Services, LLC as the third-party claims administrator.

9. The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed notice of settlement (long-form, email, and postcard notices, as well as the claim form) (Docs. 130-3, 130-4, 130-5) constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the final fairness hearing and of the rights of all settlement class members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. The Court therefore approves the proposed notice plan and procedures set forth in the settlement agreement. Specifically, the claims administrator shall provide notice to settlement class members informing them of the proposed settlement and their entitlement to a cash settlement payment by submitting a claim via the claim form.

10. By the class notice date, the administrator shall provide individual notice as follows. Notice shall first be sent by email to all persons in the settlement class who may reasonably be identified and as to whom Defendant has an email address, or to email addresses of persons that the administrator was able to identify after a reverse look-up. Emails sent shall have a return receipt or other such function that permits the administrator to reasonably determine whether emails have been delivered or opened. Emails shall have a hyperlink that class member recipients may click and be taken to a landing page on the settlement website. Each class member

will be provided a unique class member identifier on the notice which will be used to access the claim form. For persons in the settlement class for which email is not available, Defendant will first determine whether it has a mailing address associated with the telephone number, and the settlement administrator will send postcard notice to those persons. For those persons for whom Defendant has not located a mailing address, the settlement administrator will conduct a reverse lookup to determine the person's mailing address and will send postcard notice to those persons.

11. The Court preliminarily finds that the claim procedures set forth in the settlement agreement and claim form are fair, reasonable, and adequate. These preliminary findings do not prejudice the rights of any settlement class member to object to the notice or claim procedures at the final approval hearing.

12. The Court approves the process for paying administration costs and class counsel's attorney's fees and litigation costs. Under the settlement, Defendant will pay $23 to each class member who makes a timely, valid claim. In addition, class counsel will move the Court for attorney's fees and costs in a fee petition to be submitted to the Court.

13. The Court approves the procedures and requirements for settlement class members to participate in, exclude themselves from (*i.e.*, opt out of), or object to the settlement, as set forth in the settlement agreement and as further described in the notice.

14. A final fairness hearing will be held by the magistrate judge to determine whether: (a) the Court should approve the settlement as fair, reasonable, and adequate; (b) the Court should enter the final approval order; and (c) the Court should

approve the application for attorney's fees and costs, and administrative expenses. The final fairness hearing may be held in person, by telephone, or via videoconference, without further direct notice to the class members, other than by notice to class counsel, and/or be adjourned or continued by order of the Court.

15. Any settlement class member may comment in support of or in opposition to the settlement agreement. Any objections to any aspect of the settlement agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the final fairness hearing if they have been filed validly with the Clerk of the Court and copies provided to class counsel and defense counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked by the deadline prior to the scheduled final fairness hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this action; (2) include the settlement class member's full name, current address, and telephone number; (3) describe the position the settlement class member wishes to assert, including the factual and legal grounds for the position; (4) identify the number of times in which the objector has objected to a class action settlement within the five years preceding the date the objector files the objection, along with the caption of each case in which the objector had made an objection, and a copy of any orders related to or ruling on such prior objections; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the settlement class member; and (6) include the settlement class member's signature. Any person wishing to speak at the final fairness hearing shall file, with copies provided to class counsel and defense counsel, a notice of intent to participate fourteen (14) calendar days before

the final fairness hearing. A notice of intent to participate shall be timely filed if it is postmarked to the Clerk of the Court, class counsel, and defense counsel within fourteen (14) calendar days before the final fairness hearing.

16. Any party may file a response to an objection by a class member at least seven (7) calendar days before the final fairness hearing.

17. Any settlement class member who fails to object in the manner prescribed herein shall be deemed to have waived such settlement class member's objections and shall forever be barred from making any such objections in this action or in any other action or proceeding.

18. Any application for attorney's fees and costs, and administrative expenses, shall be filed no later than twenty-one (21) calendar days prior to the deadline for objections.

19. No later than thirty (30) calendar days prior to final fairness hearing, class counsel shall file papers in support of final approval of the settlement agreement. Class counsel shall file any objections to the settlement with the motion for final approval of the settlement.

20. Pending final determination of whether the settlement agreement should be approved, no settlement class member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the released claims against Defendant, the released parties, and/or the plan.

21. Pending the final approval hearing, all discovery pretrial, and other proceedings are stayed and suspended, except for proceedings necessary to carry out or enforce the terms of the settlement or this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of February, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE